06-08413

ABB/jlr

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF OHIO

### EASTERN DIVISION

| WM Specialty Mortgage LLC<br>PLAINTIFF<br><br>-vs-  | CASE NO. 1:06cv2865<br><br>JUDGE BOYKO |
|---|---|
| Robert Nicholson, et al.<br><br>DEFENDANTS | **AMENDED JUDGMENT ENTRY AND DECREE OF FORECLOSURE** |

THIS CAUSE was submitted to the Court and heard upon the Complaint of Plaintiff, Plaintiff's Motion for Default Judgment and the evidence.

The Court finds that all necessary parties have been served with summons according to law and are properly before the Court; that the Defendants, Robert Nicholson, Jane Doe, unknown spouse if any of Robert Nicholson, Lacresha Avery, and John Doe, unknown spouse if any of Lacresha Avery are in default of an Answer or other pleading and thereby confess the allegations of the Complaint to be true and said Defendants are forever barred from asserting any right, title or interest in and to the premises described herein.

The Court finds that there is due the Treasurer of Cuyahoga County, taxes, accrued taxes, assessments and penalties on the premises described herein, as shown on the County Treasurer's tax duplicate, the exact amount being unascertainable at the present

time, but which amount will be ascertainable at the time of sale; which are a valid and subsisting first lien thereon for that amount so owing on the day of the timely transfer of deed.

The Court finds on the evidence adduced that there is due Plaintiff on the promissory note set forth in the First Count of the Complaint, the sum of $80,442.67, plus interest thereon at the rate of 7.75% per annum from June 1, 2004, plus all late charges due under the Note and Mortgage, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio and/or Federal law.

The Court finds that the Defendants Robert Nicholson and Lacresha Avery filed a Chapter 7 Bankruptcy case in the U.S. Bankruptcy Court, Northern District, Eastern Division, under Case Number 05-90636 and that Plaintiff is not pursuing a personal money judgment against said Defendants.

The Court finds that in order to secure the payment of the promissory note aforesaid, the Defendants, Robert Nicholson and Lacresha Avery, executed and delivered to Argent Mortgage Company, LLC, a mortgage deed as set forth in the Second Count of said Complaint conveying to it the following described premises: **Situated in the City of Cleveland, County of Cuyahoga and State of Ohio and known as being Sublot No. 80 in the C.A. Bingham Miles Corlett No. 2 Subdivision of part of Original 100 Acre Lot No. 469 as show by the recorded plat in Volume 46 of Maps, Page 5**

of Cuyahoga County Records, as appears by said plat, be the same more or less, but subject to all legal highways.
Said premises known as: 4266 East 128th Street, Cleveland OH 44105
PPN: 138-15-029

The Court finds that said mortgage was duly filed with the Cuyahoga County Recorder on September 29, 2003, and recorded as Instrument 200309290772 of the Mortgage Records of said County and became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that said mortgage deed was assigned to the Plaintiff; that said conditions in the mortgage deed have been broken and the same has become absolute and that Plaintiff is entitled to have the equity of redemption and dower of all Defendants in and to said premises foreclosed.

The Court finds that said mortgage deed was assigned by Argent Mortgage Company, LLC, without recourse to the Plaintiff on February 28, 2005 by Instrument entitled Assignment of Mortgage which was duly filed for record with the Cuyahoga County Recorder on February 28, 2005 as Instrument 200502280786.

The Court finds that Plaintiff has and will from time to time advance sums for taxes, insurance and property protection. Plaintiff has the first and best lien for these amounts in addition to the amount set forth above. The Court makes no finding as to the amounts of the advances and continues same until the confirmation of sale.

The Court further finds that there is no just reason for

delay in entering judgment herein.

## ORDER

It is therefore ORDERED that unless the sums found due herein, together with the costs of this action be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption and dower of all Defendants in and to said premises shall be foreclosed and that an order of sale shall be issued to the Master Commissioner, directing him to seize, maintain control and custody, and sell same at public sale, or by other commercially feasible means, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002, and sell said premises as upon execution and according to law free and clear of the interest of all parties to this action. The Master Commissioner shall report his proceedings to this Court.

It is further ORDERED that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

It is further ORDERED that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

    1. To the <u>Treasurer of Cuyahoga County</u>, the taxes, penalties and assessments, due and payable as of the date

for the transfer of the property after the Master Commissioner Sale.

2. To the Plaintiff, WM Specialty Mortgage LLC, the sum of $80,442.67 plus interest thereon at the rate of 7.75% per annum from June 1, 2004, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio and/or Federal law.

3. The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is subrogated to all the rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Since Plaintiff is the first and best leinholder, junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an Order confirming the sale and ordering a deed to the purchaser, a certified copy of the Order shall be issued to the County Recorder of the County where the property is situated, directing him or her to enter the same on the margin of the records

of the mortgages and liens, releasing the liens adjudicated herein from the premises.

    IT IS SO ORDERED.

    DATE: __4/19/07__

                                          _Christopher A. Boyko_
                                          JUDGE CHRISTOPHER A. BOYKO
                                          UNITED STATES DISTRICT JUDGE

APPROVED BY:

/s/ Timothy R. Billick
_____
TIMOTHY R. BILLICK #0010390
Attorney for Plaintiff
5601 Hudson Drive
Hudson, Ohio  44236
(330) 342-8203 - telephone
(330) 342-7545 - facsimile
requests@johndclunk.com

FILED
APR 19 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND